United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10369
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE WAYNE ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-246-ALL-G

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Clarence Wayne Robinson was convicted after a jury trial of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a), (b)(1)(C); possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He appeals, arguing that the district court erred in ruling that he did not

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have standing to raise a Fourth Amendment challenge to the validity of the search of an apartment.

Although Robinson may have had a subjective expectation of privacy in the apartment, any such expectation was not one which society would recognize as reasonable.[1]  The district court did not err in ruling that Robinson did not have a reasonable expectation of privacy in the apartment.

AFFIRMED.

---

[1]*See United States v. Gomez*, 276 F.3d 694, 697 (5th Cir. 2001); *United States v. Ibarra*, 948 F.2d 903, 906 (5th Cir. 1992).